UREY et ux,
*Appellants,*

*v.*

DEAL,
*Respondent.*

(129,504; CA A29720)

687 P2d 1137

Norman F. Webb, Salem, argued the cause for appellants. On the briefs were Michael J. Martinis and Webb & Martinis, Salem.

Joseph H. Hobson, Jr., Salem, argued the cause for respondent. With him on the brief was Lien & Hobson, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

In this action for specific performance of a land sale contract, defendant vendee alleged as an affirmative defense that vendors had waived the time-essence clause, which allowed a ten-day grace period, and had neither reinstated it nor granted vendee a reasonable time within which to pay the unpaid installments. The trial court concluded that vendee had established that defense and that vendors were not entitled to specific performance.

Once the trial court reached those conclusions, vendee was entitled to have the action for specific performance dismissed. However, the court believed that vendors were entitled to some form of relief and gave them the choice between an order dismissing the action without prejudice, awarding attorney fees to vendee as the prevailing party, or an interlocutory decree as set forth in the margin.[1]

Given that choice, vendors opted for dismissal without prejudice, and from the resulting judgment of dismissal, which also awarded vendee attorney fees, they appeal. They contend that they are entitled to specific performance of the contract and that, in any event, the option of dismissal afforded them by the trial court was legally incorrect, because they should be entitled to a deficiency judgment on a "foreclosure and sale."

We conclude that the trial court correctly determined that vendors were not entitled to specific performance. Given the court's correct reasons for that conclusion, vendee was entitled to dismissal of the action. Accordingly, whether the other choice given vendors by the trial court was legally correct is irrelevant. The action was properly dismissed.

Affirmed.

---

[1] The proposed interlocutory decree would have granted vendee 60 days within which to pay the arrearages. In the event that they were not paid within that time, vendors would be entitled to a judgment against vendee for their attorney fees and to "foreclosure and sale" of the real property by the sheriff, to recover the balance due under the contract, with interest. Vendors would not be entitled to a deficiency judgment against vendee, except on the judgment for attorney fees.